IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| JEFFREY LEE BOLDRIDGE,<br><br>    Plaintiff,<br><br>v.<br><br>LEXISNEXIS RISK SOLUTIONS, INC.,<br><br>    Defendant. | Case No.:<br><br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

# COMPLAINT

Plaintiff Jeffrey Lee Boldridge ("Mr. Boldridge") a living, breathing 61-year-old consumer, brings this action, to recover damages for violations of the Fair Credit Reporting Act, 15 U.S.C. §§1681, et seq. (the "FCRA"), on an individual basis against Defendant LexisNexis Risk Solutions, Inc. ("LexisNexis") and alleges as follows:

## PARTIES

1. Jeffrey Lee Boldridge ("Plaintiff" or "Mr. Boldridge") is a natural person residing in Atchison, Kansas, and is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c).

2. Defendant LexisNexis Risk Solutions, Inc. ("Defendant" or "LexisNexis") is a Delaware corporation doing business throughout the United

1

States, including the State of Georgia and in this District, and has a principal place of business located at 1000 Alderman Drive, Alpharetta, Georgia 30005. LexisNexis can be served at its registered agent, C T Corporation System, located at 289 S Culver St, Lawrenceville, GA, 30046-4805.  LexisNexis is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this District.

## FACTS

5. In or about January 2025 Plaintiff set out to establish a more robust credit history, recognizing the value of an established and good credit history. Plaintiff reviewed varying credit card promotions and wanted to wait for the right card for him.

6. Accordingly, on or about January 14, 2025, Plaintiff completed and submitted an application with Capital One for a credit card.

7. Capital One ordered a consumer report about Plaintiff from Defendant on or about January 14, 2025.

8. Defendant published inaccurate information about Plaintiff to Capital One in response to that credit application on or about January 14, 2025.

9. Specifically, Defendant told Capital One that Plaintiff was deceased.

10. Upon receipt and review of Defendant's report about Plaintiff, Capital One denied Plaintiff's credit card application.

11. On or about January 14, 2025, Plaintiff received an adverse action notice from Capital One denying his credit card application.

12. Specifically, Capital One denied Plaintiff's credit card application because Defendant reported that Plaintiff was deceased.

13. Plaintiff was disappointed at the Capital One credit card denial. Certainly, Plaintiff was not deceased. Plaintiff found that information to be very distressing and confusing, even shocking.

14. On or about January 16, 2025, Plaintiff viewed his LexisNexis consumer report.

15. Upon review, Plaintiff learned that he was reported as deceased by Defendant.

16. More specifically, in the "Person Summary" section, Defendant was reporting Plaintiff with a date of death of 09/15/2016.

17. Plaintiff also noted that in the "Name" section Defendant was reporting the name "Sinclair, Jeffrey Lee Sr" (whereas the name of Plaintiff is "Boldridge, Jeffrey Lee").

18. Plaintiff later reviewed his credit reports and discovered that only Defendant—and not any other consumer reporting agency listed on the denial—was reporting Plaintiff as deceased.

19. Defendant had every reason to know that Plaintiff did not die in September 2016, including the many credit applications submitted by Plaintiff, the many credit accounts opened, and the many payments made since then.

20. Moreover, Defendant had no reason to think that Plaintiff's name was Jeffrey Lee Sinclair Sr, an individual with totally different public record information than Plaintiff, such as a different last name and social security number.

21. As a result of the deceased notation, Defendant made it practically impossible for Plaintiff to continue to obtain credit.

22. At all times pertinent hereto, Defendant was acting by and through its agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

23. At all times pertinent hereto, the conduct of Defendant, as well as that of its respective agents, servants, and/or employees, was intentional, willful,

reckless, grossly negligent and in utter disregard for federal law and the rights of Plaintiff herein.

24. Defendant is aware of the shortcomings of its procedures and intentionally chooses not to comply with the FCRA. Defendant's violations in this case were not a one-off mistake or a result of human error; rather, Defendant's algorithms, policies, and procedures are such that, given identical inputs, Defendant would make the exact same mistake and violation every time. Accordingly, the Defendant's violations of the FCRA are willful.

25. As a result of Defendant's conduct, action, and inaction, Plaintiff suffered damage by loss of credit; loss of ability to purchase and benefit from his good credit rating; detriment to his credit rating; and emotional distress including the mental and emotional pain, anguish, depression, anxiety, humiliation, and embarrassment of credit denials and being declared dead.

**CLAIMS FOR RELIEF**
**COUNT I**
**15 U.S.C. § 1681e(b)**
**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**

26. Plaintiff re-alleges and incorporates by reference the allegations set forth in preceding paragraphs as if fully stated herein.

27. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the consumer reports it published and maintained concerning Plaintiff.

28. Defendant's conduct, actions, and inactions was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, they were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

29. Plaintiff is entitled to recover attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief:

i. Determining that Defendant negligently and/or willfully violated the FCRA;

ii. Awarding Plaintiff actual, statutory, and punitive damages as provided by the FCRA;

iii. Awarding Plaintiff reasonable attorneys' fees and costs as provided by the FCRA; and,

iv. Granting further relief, in law or equity, as this Court may deem appropriate and just.

## **DEMAND FOR JURY TRIAL**

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 5th day of March 2025.

By: */s/ Misty Oaks Paxton*
Misty Oaks Paxton, Esq.
Bar No. 127089
THE OAKS FIRM
3895 Brookgreen Pt.
Decatur, GA 30034
Tel: (404) 500-7861
Email: attyoaks@yahoo.com

*Attorneys for Plaintiff*
*Jeffrey Lee Boldridge*